**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONIE BISHOP WEYLAND, I,<br>Plaintiff<br>v.<br>SECOND JUDICIAL DISTRICT COURT, et al.,<br>Defendants | Case No.: 3:26-cv-00361-MMD-CSD<br>**Order**<br>Re: ECF Nos. 1, 1-1, 1-7, 1-8, 4, 7 |

Plaintiff has filed an application to proceed *in forma pauperis* (IFP) (ECF Nos. 1, 7) and pro se complaint (ECF No. 1-1). In addition, Plaintiff filed a motion for protective order (ECF Nos. 1-7, 1-8), and motions for leave to file several documents under seal. (ECF No. 4.)

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names as defendants the Second Judicial District Court of the State of Nevada, Clerk of Court Alicia Lerud, and the court's ADA Coordinator Emily Reed, in their official capacities only. (ECF No. 1-1 at 2-3.) The complaint asserts a single cause of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, 12133, alleging that Defendants violated the ADA and its implementing regulations by failing to provide him full and equal access to Second Judicial District Court's "programs, services and activities by way of his disability." (ECF No. 1-1 at 29.)

To summarize, the complaint -- which spans thirty-three (33) pages – asserts that Plaintiff has severe ADHD that impacts his ability to follow complex procedural requirements and that Defendants allegedly violated the ADA by: (1) failing to communicate with him in a way that he could understand, *i.e.*, in writing, refusing his requests for accommodations, and failing to set out in writing the reasons for refusing his requests; (2) failing to provide clear guidance on how to seek accommodations under the ADA; and (3) failing to provide Plaintiff a way to access audit logs for the state filing system.[1] All of Plaintiff's claims apparently relate to his attempts to unlink from his state court filing account an old case filed under his prior name, which he had legally changed in 2021.

Plaintiff's complaint states a colorable claim under the ADA. His complaint may therefore be served on the named defendants.

**III. MOTIONS FOR PROTECTIVE ORDER (ECF NO. 1-7) AND TO SEAL (ECF NO. 4)**

Plaintiff has filed a motion for a protective order to prevent public disclosure of his prior legal name in this case. (ECF Nos. 1-7, 1-8.) Plaintiff has also moved for leave to file several documents under seal. (ECF No. 4.)

A strong presumption exists in favor of the public's access to judicial records and documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety v.*

[1] The court notes that the complaint cites in its prayer for relief two cases that appear to be A.I. hallucinations, as neither the names match the case numbers nor do the cases have anything to do with the ADA. (*See* ECF No. 1-1 at 31.) Plaintiff is cautioned *not* to cite fictitious case law in future pleadings filed with the court.

*Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 38 (Oct. 3, 2016).

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id*. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id*. (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*.

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id*. (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*.

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Plaintiff seeks leave to redact his prior legal name from his public filings. In his complaint, Plaintiff refers to his prior legal name as "prior legal name." Pursuant to Federal Rule

of Civil Procedure 5.2(g), he has filed a "Reference List" identifying his "prior legal name." (ECF No. 1-4.) Plaintiff has moved for leave to file the Reference List under seal. (*See* ECF No. 4.)

Having considered the arguments raised by Plaintiff, the court finds good cause to allow Plaintiff's prior legal name to be redacted in all public filings, at least until further order of the court. Plaintiff's prior legal name is only tangentially related to the merits of this case, and Plaintiff claims personal hardships were it to be publicly disclosed. Accordingly, Plaintiff's motion for protective order (ECF No. 1-7, 1-8) is granted to the extent it seeks to prevent disclosure of Plaintiff's prior legal name in this action. The motion for leave to file the "Reference List" (ECF No. 1-4) under seal is therefore granted.

The court would note the motion for protective order (ECF No. 1-7) has been sealed, perhaps because it includes a "Request for Reasonable Accommodation" (ECF No. 1-7 at 6-15) that sets forth Plaintiff's medical information. As noted by Plaintiff in a later filing (ECF No. 8), these were not intended to be a single document but, rather, separate filings. Plaintiff has moved for leave to file the Request for Reasonable Accommodation under seal. Because that Request has been supplanted by Plaintiff's later filed, and publicly available, Motion for Reasonable Accommodation (ECF No. 8) and is therefore moot, the court will permit the Request to remain under seal at this time.

However, there is no basis for the motion for protective order to be sealed, nor has Plaintiff requested as much. The Clerk will therefore be directed to detach and separately file the motion for protective order (ECF No. 1-7 at 1-5 *only*) on the docket.

Plaintiff has also moved for leave to file his application for leave to proceed *in forma pauperis* under seal. Plaintiff does not show any specific, particularized harm that would arise

should his IFP application be filed on the publicly available docket, and the court can see none. Accordingly, the motion to file the IFP application under seal is denied. *See SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127–28 (D.D.C. 2015) ("If every one of those litigants was entitled to file an IFP application under seal and *ex parte*, with no showing of particularized need, the public would be denied important transparency in the working of the judiciary, opposing parties would be deprived of the opportunity to raise objections, and the courts would lose a corresponding check on potential misstatements or omissions in IFP affidavits.").[2]

## III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) Plaintiff's motion to seal (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

(4) The Clerk will detach and file, not under seal, Plaintiff's motion for protective order (ECF No. 1-7 at 1-5 *only*), which is **GRANTED** to the extent set forth in this order.

(5) The Complaint shall **PROCEED** on Plaintiff's single ADA claim against Second Judicial District Court, and Alicia Lerud and Emily Reed in their official capacities only.

(6) The Clerk of Court shall **ISSUE** summonses for Defendants Second Judicial District Court, Alicia Lerud, and Emily Reed, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the complaint (ECF No. 1-1) and this Order to the U.S. Marshal for service on the defendants. The Clerk shall **SEND** to Plaintiff **3** USM-285 forms. Plaintiff will have **21 days** within which to furnish to the U.S. Marshal the required

[2] Plaintiff's subsequent IFP application, ECF No. 7, was not filed under seal, nor was there any motion for leave to file same under seal.

USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(7) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(8) Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. If Plaintiff electronically files a document with the court's electronic filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); LR IC 4-1(b); LR 5-1. If Plaintiff mails the document to the court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the

Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Craig S. Denney
United States Magistrate Judge