**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONIE BISHOP WEYLAND, I,<br>Plaintiff<br>v.<br>SECOND JUDICIAL DISTRICT COURT, et al.,<br>Defendants | Case No.: 3:26-cv-00361-MMD-CSD<br>**Order**<br>Re: ECF Nos. 8, 15, 16 |

Plaintiff, Anthonie Bishop Weyland, I, has filed a "Motion for Reasonable Accommodation." (ECF No. 8.) He also seeks leave to file Exhibit 1 in support of the motion for accommodation under seal. (ECF Nos. 15, 16.)

## I. Motion to Seal

Plaintiff seeks leave to file Exhibit 1 to his motion under seal. (ECF Nos. 15, 16.) Exhibit 1 consists of Plaintiff's medical records containing clinical assessments of his A.D.H.D. diagnosis and limitations. (*See* ECF No. 16-2.)

When the documents sought to be sealed are "more than tangentially related to the merits of a case," as they are here, the court must find compelling reasons support the sealing of the documents. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016).

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records because the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

Accordingly, Plaintiff's motion for leave to seal (ECF Nos. 15, 16) is **GRANTED**.

## II. Motion for Reasonable Accommodation

Plaintiff seeks eight accommodations from this court relating to his diagnosis of A.D.H.D. He asks:

(1) that all communications with the court and Clerk's Office staff be done in writing;

(2) that for any filing deficiency or procedural requirement, he be given written notification setting forth the deficiency, the rule violated, and the steps needed to cure the deficiency;

(3) that he be allowed to communicate with Clerk's Office staff by email instead of by telephone;

(4) that any requests for reasonable extensions of time be granted;

(5) for at least seven days' advanced written notice of any court hearings;

(6) that court orders and other documents be provided to him in searchable electronic format;

(7) for at least five days to correct any deficiencies in filings; and

(8) for permission to attend court hearings remotely.

Regarding Plaintiff's requests that all communications with the court and Clerk's Office staff be done in writing, and that Plaintiff be permitted to communicate with the Clerk's Office via email, the request is denied. The Court as a matter of course issues written orders concerning substantive and various procedural issues. The Clerk's Office does not communicate with the public via email, and it has advised the Court that Plaintiff has been given the option of communicating via telephone, in person, or by letter. Thus, Plaintiff has been given an avenue for written communications. In addition, to the extent Plaintiff needs verbal conversations

memorialized in writing, he has not established that he himself is unable to take contemporaneous notes. In fact, the record in this case amply supports that he can. Requests 1 and 3 are therefore denied.

Requests 2, 4, 5, 7, and 8 are not ripe and prematurely seek accommodation for things that have not happened. As to many of these requests, the meet-and-confer process with Defendants will be sufficient to address Plaintiff's concerns. In addition, Plaintiff is free to request an accommodation on a case-by-case basis as to any specific need that arises, but the court is not going to grant blanket extensions of time or require a specific response to "any filing deficiency or procedural requirement" in the abstract. Plaintiff is advised that anytime the court schedules a hearing, a written notification of such is entered on the record of the case. There is no need to separately provide Plaintiff an accommodation in this regard. Accordingly, Requests 2, 4, 5, 7 and 8 are therefore denied without prejudice.

As to Request 6, court orders and other filings are available via PACER; through PACER, Plaintiff may save documents and make those documents searchable, if they are not already. *See* https://pacer.uscourts.gov/help/faqs/how-do-i-save-one-free-copy (last visited Oct. 23, 2026). There is no need to provide any accommodation in this respect. Request 6 is therefore denied.

/ /

/ /

/ /

/ /

/ /

/ /

**III. Conclusion**

In accordance with the foregoing **IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF Nos. 15, 16) is **GRANTED**, and Plaintiff's motion for reasonable accommodation (ECF No. 8) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: October 23, 2026

Craig S. Denney
United States Magistrate Judge